# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN J. CUCHEL, <br><br> Defendant. | **COMPLAINT** <br><br> Civil Action No.: <br><br> **JURY TRIAL DEMANDED** |

In 1967, when she was a minor, Plaintiff Jane Doe ("Doe") was sexually assaulted by Stephen J. Cuchel ("Defendant" or "Cuchel") and two other individuals at Cuchel's dental office in New York City. She now brings this diversity action for damages pursuant to the New York Child Victims Act, NYCPLR § 214-g, and New York state law.

## PARTIES

1. Plaintiff Jane Doe is a citizen and resident of the State of Missouri. She brings this Complaint using a pseudonym because of the personal, intimate, and sensitive nature of the allegations of child sexual abuse in this Complaint. Doe fears retribution, embarrassment, and further psychological damage if her identity as a victim of child sexual abuse were to become publicly known. Indeed, requiring Doe to disclose this highly sensitive and personal information in public court records, in order to assert her claims against Cuchel, will only serve to further re-victimize Doe and compound the harm for which she seeks redress through this litigation. Doe's identity is already known to the Cuchel.

2. Defendant Stephen J. Cuchel is a citizen of the State of New York and a resident of Uniondale, Nassau County, New York.

## JURISDICTION AND VENUE

3. This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties have complete diversity, insofar as Doe resides in Missouri and Cuchel resides in New York.

4. This Court has personal jurisdiction over Cuchel because he is a citizen and domiciliary of the State of New York who can be found in this District. The acts giving rise to this Complaint also occurred within the State of New York.

5. Venue is proper in this District, under 28 U.S.C. § 1391(b)(1), because Cuchel resides in this District.

## THE FACTS

6. In approximately the summer of 1967, when she was sixteen years old, Doe traveled to New York City to visit family. Cuchel, who is married to Doe's cousin, offered to show Doe around the City.

7. During Doe's visit, Cuchel offered to take her to his dental office to pierce her ears, using a dental tool. Doe, unaware of Cuchel's true intentions, accepted the offer.

8. Cuchel took Doe to his dental office in New York City. He had Doe lay down on a table and then pierced her ears using a dental tool.

9. Afterwards, two of Cuchel's friends entered the office. Cuchel and the other individuals gathered around Doe and surrounded her, leaving no path for escape.

10. Cuchel and the two other individuals unbuttoned and removed Doe's clothing.

11. Cuchel and the other two individuals took turns digitally penetrating Doe's vagina without her consent and against her will.

12. As a direct and proximate result of this incident, Doe suffered and continues to suffer physical, psychological, and emotional injuries.

## CLAIMS ALLEGED

## COUNT I

### Assault and Battery

13. Doe realleges and incorporates by reference the allegations contained in paragraphs 1-12, as if fully set forth in this Count.

14. Cuchel's conduct constitutes a sexual offense on a minor as defined in Article 130 of the New York Penal Law, including, without limitation, conduct constituting forcible touching (N.Y. Penal Law § 130.52); sexual abuse (N.Y. Penal Law §§ 130.55-65); and/or aggravated sexual abuse (N.Y. Penal Law §§ 130.65-70).

15. Cuchel inflicted unwanted sexual touching and other offensive physical contact upon Doe's person, and exposed her to other offensive conduct, and placed her in immediate fear of receiving such touching and physical contact.

16. Cuchel intentionally assaulted and battered Doe, causing her to endure physical injury and harm, humiliation, embarrassment, shame, fear, anxiety, and extreme emotional distress, as well as psychological trauma.

17. As a direct and proximate result of Cuchel's conduct, Doe was caused to suffer bodily injury and extreme emotional trauma, all to her detriment.

18. Doe did not come forward for many years due to her young age at the time of the incident, her fear of embarrassment and humiliation (particularly because of the family connection), her fear of retaliation by Cuchel, and her fear of further psychological trauma. Doe's

action is nevertheless timely by virtue of the claim revival provision of the New York Child Victims Act, NYCPLR § 214-g and the fact that Cuchel's conduct took place in New York.

19. The limitation of liability set forth in NYCPLR Art. 16 is not applicable to the claim of personal injury alleged herein, by reason of one or more of the exemptions provided in NYCPLR § 1602, including, without limitation, that Cuchel acted with reckless disregard for the safety of others, including Doe, and knowing or intentionally caused injury to Doe.

## COUNT II

### Intentional Infliction of Emotional Distress

20. Doe realleges and incorporates by reference the allegations contained in paragraphs 1-19, as if fully set forth in this Count.

21. Cuchel's conduct in sexually assaulting Doe constitutes extreme and outrageous conduct.

22. Cuchel intended to cause and/or disregarded a substantial probability of causing Doe severe emotional distress by his conduct in sexually assaulting Doe.

23. Cuchel's conduct directly and proximately caused, and continues to cause, Doe extreme emotional distress.

## REQUEST FOR RELIEF

WHEREFORE, Doe prays that the Court enter judgment in her favor, and against Cuchel, as follows:

a. That the Court award Doe compensatory, consequential, general, and nominal damages in an amount to be determined at trial;

b. That the Court award punitive or exemplary damages in amount to be determined at trial;

c. That the Court award to Doe the costs and disbursements of the action, along with reasonable attorneys' fees, costs, and expenses;

d. That the Court award pre- and post-judgment interest at the maximum legal rate; and

e. That the Court grant all such other relief as it deems just and proper.

## JURY DEMAND

Doe demands a trial by jury on all claims so triable.

Dated: November 6, 2020

By: _____
F. FRANKLIN AMANAT, ESQ.
GREG G. GUTZLER, ESQ.
**DiCELLO LEVITT GUTZLER, LLC**
444 Madison Avenue, Fourth Floor
New York, New York 10022
(646) 933-1000
famanat@dicellolevitt.com
ggutzler@dicellolevitt.com

LISA D. HABA, ESQ.*
**THE HABA LAW FIRM, P.A.**
1220 Commerce Park Drive, Suite 207
Longwood, Florida 32779
Tel.: 844-422-2529
lisahaba@habalaw.com

*Counsel for Plaintiff*

* *Pro Hac Vice* application forthcoming