UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

JANE DOE,

       Plaintiff,

  v.

STEPHEN J. CUCHEL,

       Defendants.

Civil Action No.: 2:20-cv-2024

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO PROCEED PSEUDONYNMOUSLY
<u>AND FOR PROTECTIVE ORDER MAINTAINING IDENTITY CONFIDENTIAL</u>**

F. FRANKLIN AMANAT, ESQ.
GREG G. GUTZLER, ESQ.
**DiCELLO LEVITT GUTZLER, LLC**
444 Madison Avenue, Fourth Floor
New York, New York 10022
(646) 933-1000
<u>famanat@dicellolevitt.com</u>
<u>ggutzler@dicellolevitt.com</u>

LISA D. HABA, ESQ.*
**THE HABA LAW FIRM, P.A.**
1220 Commerce Park Drive, Suite 207
Longwood, Florida 32779
Tel.: 844-422-2529
<u>lisahaba@habalaw.com</u>

*Counsel for Plaintiff*

* *Pro Hac Vice* application forthcoming

Dated: November 6, 2020

## PRELIMINARY STATEMENT

Plaintiff Jane Doe, a resident of Missouri, is a survivor of sexual abuse at the hands of a family member, Defendant Stephen Cuchel, who resides in this District and who sexually assaulted Doe in New York City several decades ago when she was a teenager. Doe invokes the diversity jurisdiction of this Court, and the claim revival provisions of the New York Child Victims Act ("NYCVA"), NYCPLR § 214-g, to bring an action against Cuchel for compensatory and punitive damages on claims of assault, battery, and intentional infliction of emotional distress in violation of New York common and statutory law. By this Motion, Doe respectfully seeks leave to proceed pseudonymously and also seeks a protective order pursuant to Fed. R. Civ. P. 26(c).

Through counsel, Doe has already revealed her true identity to Cuchel, so allowing Doe to proceed pseudonymously will in no way prejudice Cuchel or compromise his ability to defend this suit. Given this disclosure to Cuchel, the protective order sought herein is necessary to effectuate Doe's anonymity: it would bar Cuchel and his counsel from publicly disclosing Doe's identity (or her relationship to this suit) in any forum or context, and it would authorize and require all documents containing Doe's true name to be filed under seal. Ultimately, Doe's substantial privacy interests regarding this deeply personal and degrading violation, and her interest in avoiding the harm that disclosure of her identity on the public docket would cause her, outweigh the public's countervailing interest in open judicial proceedings. Indeed, the public's interest in protecting and vindicating the interests of sexual assault victims and survivors, and to ensure that similarly situated victims will not be deterred from reporting similar crimes or seeking redress, is paramount.

## BACKGROUND

In approximately the summer of 1967, Cuchel was married to Doe's cousin and owned and operated a dental practice in New York City. Complaint at ¶¶ 6-8. That summer, when Doe was

sixteen years old, she travelled to New York City to visit family. *Id.* ¶ 6. Cuchel offered to show Doe around New York City, and during this tour offered to pierce her ears with a dental tool at his office. *Id.* ¶¶ 6-7. Cuchel took Doe to his dental office, where he instructed her to lay down on a table and then pierced her ears. *Id.* ¶ 8. Afterwards, two of Cuchel's friends entered his dental office and, together with Cuchel, gathered around Doe and surrounded her while she lay on the table. *Id.* ¶ 9. Cuchel and his two friends then unbuttoned and removed Doe's clothing. *Id.* at ¶ 10. They then took turns digitally penetrating Doe's vagina, without her consent and against her will. *Id.* ¶ 11. Doe suffered and continues to suffer physical, psychological, and emotional injuries as a direct and proximate result of this incident. *Id.* ¶ 12.

Doe did not come forward for many years due to her young age at the time of the incident, her fear of embarrassment and humiliation (particularly because of the family connection), her fear of retaliation by Cuchel, and her fear of further psychological trauma. *Id*. ¶¶ 1, 18. Having now found the courage to come forward, Doe explicitly reveals herself in the Complaint to be a victim of sexual abuse at the hands of a family member. Requiring Doe to disclose this highly sensitive and personal information in public court records, in order to assert her claims against Cuchel, will only serve to further re-victimize Doe and compound the harm for which she seeks redress through this litigation. *Id*. ¶ 1.

## ARGUMENT

**I.     DOE SHOULD BE ALLOWED TO PROCEED PSEUDONYMOUSLY.**

The public has an interest in maintaining the ability to scrutinize government functions, including through open access to criminal and civil proceedings. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 599-600 (1980). But "the equation linking the public's right to attend trials and the public's right to know the identity of the parties is not perfectly symmetrical." *Doe*

*v. Stegall,* 653 F.2d 180 (5th Cir. 1981). Indeed, party anonymity does not inhibit the public interest in judicial transparency to the same extent that closure of a courtroom does; rather, even when a plaintiff proceeds under a pseudonym, the public can still attend and observe judicial proceedings. *Richmond*, 448 U.S. at 599-600. Thus, the constitutional interest in ensuring that "[w]hat transpires in the courtroom is public property," *Craig v. Harney*, 331 U.S. 367, 374 (1947), can be preserved in a manner that also respects the privacy of the litigants. *See M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (evaluating "the issue of pseudonymity requires weighing the scales between the public's interest and the rights to privacy advanced by the movant … [and] privacy interests are recognized in particular circumstances to be in the public interest.").

For this reason, while Fed. R. Civ. P. 10(a) requires that a complaint's caption name all the parties to the suit, courts have "approved of litigation under a pseudonym in certain circumstances," including when necessary to protect a litigant's sensitive private information. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008). As the Second Circuit has held, when deciding whether a plaintiff may proceed under a pseudonym courts apply a balancing test that weighs the plaintiffs' need for anonymity against the prejudice to the defendant and any countervailing public interests favoring disclosure. *Id.* at 189. The Circuit has set forth a non-exhaustive list of ten factors that courts may consider in determining whether to permit a plaintiff to proceed pseudonymously:

> (1) Whether the litigation involves matters that are highly sensitive and of a personal nature;
> 
> (2) Whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
> 
> (3) Whether identification presents other harms and the likely severity of those harms;

(4) Whether the plaintiffs are particularly vulnerable to the possible harms of disclosure, particularly in light of each individual plaintiff's age;

(5) Whether the suit is challenging the actions of the government or that of private parties;

(6) Whether the defendant is prejudiced by allowing the plaintiffs to press their claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated;

(7) Whether the plaintiffs' identities have thus far been kept confidential;

(8) Whether the public's interest in the litigation is furthered by requiring the plaintiffs to disclose their identities;

(9) Whether, due to the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) Whether there are any alternative mechanisms for protecting the confidentiality of the plaintiffs.

*Sealed Plaintiff*, 537 F.3d. at 190.

Courts are "not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id*. at 191, n. 4. In this case, the relevant factors strongly weigh in favor of allowing Doe to proceed using a pseudonym. Accordingly, the motion should be granted.

**A. The litigation involves matters of a highly sensitive and personal nature.**

The applicability of the first *Sealed Plaintiff* factor is self-evident: in the complaint, Doe reveals highly sensitive and personal details of how she was the victim of sexual abuse at the hands of Cuchel (her relative) and his friends when she was a mere teenager, and describes how this abuse harmed her physically, emotionally, and psychologically. She also describes how she did not come forward for many years due to her young age at the time of the incident, her fear of embarrassment and humiliation (particularly because of the family connection), her fear of

retaliation by Cuchel, and her fear of further psychological trauma. For Doe to be willing to describe these highly sensitive and personal matters in a public court filing itself takes great courage; but to have to publicly reveal her true identity in connection with this lawsuit and its allegations as the price of coming forward would be an unnecessarily cruel price to pay for that courage. Indeed, it is well-known that one of the main deterrents to victims of sex crimes coming forward to report their assailants is their fear that the public revelation of their identity and their victimhood will reopen old wounds and expose them to embarrassment, humiliation, shame, and retribution.

For this reason, it is well-established that victims of rape, sexual battery, and sexual abuse have a strong interest in protecting their identities from disclosure, so as not to deter other victims from reporting such crimes. *See Doe v. Blue Cross & Blue Shield United,* 112 F.3d 869, 872 (7th Cir. 1997) (a rape survivor's right to privacy overcomes the public's interest in discovering her identity); *Fla. Abolitionist, Inc. v. Backpage.com LLC,* No. 17 Civ. 218, Doc. 46, at 2-4 (M.D. Fla. 2017) (multiple sex trafficking survivors' right to privacy, especially when some were minors, overcomes the public's interest in disclosure of their identities); *Doe v. Uber Technologies, Inc.*, 17-CV-00950-WHO, Doc. No. 27 (N.D. Cal. Oct. 15, 2015) (the right of privacy for sexual and physical assault survivors, as well as human trafficking survivors, overcomes the public interest in disclosure); *Doe v. Cabrera*, 307 F.R.D. 1, 6 (D.D.C. 2014) (the sensitive and highly personal nature of the case, the risk of psychological harm to the plaintiff if her name were made public, and the minimal, if any, unfairness that the plaintiff's anonymity would cause the defendant all weighed in favor of allowing plaintiff to proceed anonymously). As courts have uniformly held, society is better served by incentivizing victims of these horrific crimes to come forward, instead

of enabling the perpetrator to remain unaccountable and continue to commit sex crimes. *See Blue Cross & Blue Shield United,* 112 F.3d at 872.[1]

### B. Identification of Doe's name poses a risk of retaliatory physical or mental harm, and other severe harms.

Publicly disclosing Doe's identity in connection with her allegations here would subject her to a risk of retribution by Cuchel and other family members, which strongly weighs in favor of allowing her to proceed under a pseudonym. Sexual predators like Cuchel are often experts in psychological manipulation: they use degrading and dehumanizing tactics to keep their victims in fear. Cuchel has a national dental practice that has provided him with substantial financial resources, influence in the family, and name recognition, all of which he has exploited to control and manipulate Doe to ensure that his crime was not reported over several decades.

Doe suffered and continues to suffer physical, psychological, and emotional injuries as a result of Cuchel's sexual abuse, including humiliation, embarrassment, shame, fear, anxiety, and extreme emotional distress, as well as psychological trauma. Complaint ¶ 16. What is more, given that she was just 16 years old when Cuchel sexually abused her, Doe is particularly vulnerable to psychological trauma. Adults are supposed to protect children: instead, Cuchel manipulated Doe's youth, her hopes and dreams in the big city, and her inexperience with sexuality and with life to induce her to come to his office, where he made her a victim of his sexual abuse.

---

[1] In *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1073 (9th Cir. 2000), the plaintiffs filed claims as a class action under the Fair Labor Standards Act, based on conditions in a garment factory. The plaintiffs proceeded using pseudonyms due to the fear of severe retaliation by the Chinese government, including physical violence, deportation to China, arrest, and imprisonment. In determining whether the plaintiffs should have been allowed to proceed under pseudonyms, the Ninth Circuit evaluated several factors, including whether granting the request was in the public interest. *Id.* "[A]s the Supreme Court has recognized, fear of . . . reprisals will frequently chill [a person's] willingness to challenge . . . violations of their rights." *Id.,* citing *Mitchell v. De Mario Jewelry, Inc.*, 361 U.S. 288, 292 (1960). Measures that may have a chilling effect on a party's willingness to litigate "violations of statutes are generally considered against public policy." *Id*. In such cases, permitting the plaintiffs to use pseudonyms "will serve the public's interest in this lawsuit by enabling it to go forward." *Id.*

*Doe v. Cuchel*, No. 2:20-CV-2024 (E.D.N.Y.)
Motion for Leave to Proceed Pseudonymously
Page 6

If Doe is publicly identified in connection with this lawsuit, it will only exacerbate the ongoing psychological harm and trauma Doe already suffers. Sexual abuse strips its victims of their dignity and value as people; it erases the victims' choice and makes them doubt their own self-worth.[2] This leads to serious psychological vulnerability and harm, which for even the strongest and most resilient of sex abuse survivors can be exacerbated by the exposure resulting from public disclosure. Survivors of sexual abuse who have been able to thrive after their ordeal and speak openly about the offenses to which they were subjected explain that it takes a great deal of incredibly difficult work to reach that point.[3] Even at the most advanced stages of healing, many survivors are not willing to go public with their stories. Survivors struggle with "re-living the traumas over again through flashbacks, overwhelming intrusive and negative thoughts, feeling consumed by emotions of shame and guilt, thinking that they are living in hiding and unable to let themselves be truly seen, and experiencing fleeting feelings of dignity and respect."[4]

Doe does not speak openly about her past victimization, and instead, tries to regain the normal life she was deprived of due to Cuchel's actions. Thrusting Doe, who is not ready to go public with her story, into the public spotlight will cause severe psychological harm and can be catastrophic to her recovery as a survivor of sexual abuse.[5]

Victims of sexual abuse such as Doe are especially vulnerable in this current age of mass media and ubiquitous technology, where every thought or opinion, whether or not grounded in

---

[2] https://www.unodc.org/unodc/en/frontpage/breaking-the-silence-on-human-trafficking.html.

[3] Ruth Rondon, *Understanding the 4 Stages of Recovering from Sex Trafficking*, Human Trafficking eLearning 1-7 (2017). This guide is written by a survivor of sex trafficking and is attached hereto as Exhibit 1.

[4] *Id* at 3.

[5] Whether a plaintiff has kept her identity confidential to date is a factor for the Court to consider. *Sealed Plaintiff*, 537 F.3d at 190. Here, Doe has maintained her anonymity to date, and has not disclosed her identity in any public forum. Consequently, this factor weighs in favor of allowing her to proceed under a pseudonym.

reality, gets widely and permanently published and disseminated online, in social media and elsewhere. *See Cabrera*, 307 F.R.D. at *7 ("Having the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case."). To certain segments of society, victims of sexual abuse are sometimes viewed as "at fault" for what happened to them. Therefore, to subject Doe to such humiliating and unsolicited commentary online following public disclosure of her identity—when what she seeks from this litigation is to come a step closer to being made whole again—will perpetuate the very harm for which Doe seeks to recover.

Just as consequentially, requiring Doe to proceed with the litigation as a publicly named party will have a chilling effect for other sex abuse victims and deter them from initiating litigation to hold their perpetrators accountable. Denying victims of sexual abuse anonymity in the appropriate circumstances—such as here—will only serve to allow sexual predators like Cuchel to continue their despicable conduct without detection or interference by the law. It is in society's best interest to allow plaintiffs like Doe to proceed anonymously.

All of these factors weigh strongly in favor of allowing Doe to proceed under a pseudonym. *See Sealed Plaintiff*, 537 F.3d at 190; *Plaintiffs #1-21 v. County of Suffolk*, 138 F. Supp. 3d 264, 272 (E.D.N.Y. 2015); *see also Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1070 (9th Cir. 2000).

## II. A PROTECTIVE ORDER IS REQUIRED TO GIVE EFFECT TO DOE'S PSEUDONYMITY.

As stated above, Cuchel will not be prejudiced by Doe's pseudonymous prosecution of this suit because her identity has already been disclosed to him through counsel, meaning that he will have no impediment to meaningfully participating in discovery or investigating and defending the

allegations against him. *See Plaintiffs #1-21,* 138 F. Supp. 3d at 276; *Doe I v. Four Bros. Pizza,* No. 13 CV 1505(VB), 2013 WL 6083414, at *10 (S.D.N.Y. Nov. 19, 2013).

In light of this disclosure, however, a protective order is necessary to give effect to Doe's pseudonymity. It is well established that when balancing the different interests involved in cases such as these, "courts have permitted parties to enter into protective orders that permit the limited disclosure of a plaintiff's identity for discovery purposes on the condition that the defendants do not disclose it to the general public." *Plaintiffs #1-21*, 138 F. Supp. 3d at 277; *Doe v. United States*, No. 16-cv-7256 (JGK), 2017 WL 2389701, at *1 (S.D.N.Y. June 1, 2017). *See also James v. Jacobson*, 6 F.3d 233, 243 (4th Cir. 1993). Thus, pursuant to Rule 26(c), the Court is respectfully requested to enter a protective order prohibiting Cuchel and his counsel from disclosing Doe's true identity (or her relationship to this suit) to any third party, in any medium or forum. Doe also seeks redaction from the public docket of any information personally identifying her, as well as an order authorizing and directing that any such information germane to this case be filed under seal.

## CONCLUSION

For the foregoing reasons, and in light of Cuchel's consent, the Court should grant Doe's motion to proceed pseudonymously, and for an effectuating protective order.

Dated: November 6, 2020

By:
F. FRANKLIN AMANAT, ESQ.
GREG G. GUTZLER, ESQ.
**DiCELLO LEVITT GUTZLER, LLC**
444 Madison Avenue, Fourth Floor
New York, New York 10022
(646) 933-1000
famanat@dicellolevitt.com
ggutzler@dicellolevitt.com

LISA D. HABA, ESQ.*
**THE HABA LAW FIRM, P.A.**
1220 Commerce Park Drive, Suite 207
Longwood, Florida 32779
Tel.: 844-422-2529
lisahaba@habalaw.com

*Counsel for Plaintiff*

* *Pro Hac Vice* application forthcoming